IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| TWANA WOLFE, | Civil Action No. |
| Plaintiff, | CV 125-302 |
| v. | JURY TRIAL DEMANDED |
| TPUSA, INC. | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

COMES NOW, Twana Wolfe ("Plaintiff"), by and through her undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

**NATURE OF COMPLAINT**

1.

Plaintiff brings this action for damages, and reasonable attorney fees against TPUSA, Inc. ("Defendant") for violations of her rights under the Americans with Disabilities Act, as amended, ("the ADA") and the Family and Medical Leave Act ("the FMLA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), and 28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §1981, venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission.

5.

Plaintiff received her Notice of Right to Sue from the EEOC on that Charge on November 19, 2025.

## **PARTIES**

6.

Plaintiff is a citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was a limited liability company registered and operating in the state of Georgia.

8.

At all times relevant, Plaintiff was an "employee" of Defendant as defined under the ADA. Defendant is now and, at all times relevant hereto, has been a for-profit entity engaged in an industry affecting commerce. During all times relevant hereto, Defendant employed fifteen (15) or more employees for the requisite duration under that ADA.

9.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA.

10.

At all relevant times, Defendant employed fifty or more employees within a seventy-five mile radius of Planitiff's work location or the location she would have worked out of had she not worked from home.

11.

At all relevant times, Planitiff was an "employee of Defendant as defined under the FMLA.

12.

Defendant may be served via its registered agent, CT Corporation System, at 289 S. Culver Stree, Lawrenceville, GA 30046-4805.

## FACTUAL ALLEGATIONS

13.

Plaintiff was hired by Defendant as a Customer Service Agent on or about January 3, 2022.

14.

Plaintiff has an aortic aneurysm, of which Respondent was aware.

15.

Plaintiff's aortic aneurysm affects her in the major life activities of breathing, running, focusing, and various strenuous activities.

16.

Plaintiff's aortic aneurysm negatively affects her respiratory and circular system.

17.

In or about September 2024, Plaintiff's cardiologist told her she should take approximately one week off of work due to her aortic aneurysm, so Plaintiff requested that leave in late 2024.

18.

Defendant denied that leave.

19.

When Plaintiff attempted to determine why that request was denied, she did not receive a response.

20.

Plaintiff also suffers from the mental disabilities of anxiety and major depressive disorder.

21.

Defendant was aware that Plaintiff had major depressive disorder and anxiety.

22.

Plaintiff's major depressive disorder and anxiety affect her in the major life activities of focusing and taking care of herself.

23.

Plaintiff's major depressive disorder and anxiety also negatively affect her neurological system.

24.

Plaintiff's mental disabilities flared up in or about December 2024, so she went to her Supervisor, Brittany McGriff, and told them that she would like to receive some accommodations such as receiving a break during her working time and some Family and Medical Leave Act leave.

25.

McGriff asked Plaintiff to retrieve a letter from her doctor requesting such accommodations and leave on her behalf.

26.

Plaintiff's providers at the time, however, told her they could not fill out such forms for her because they disagreed between each other as to who was appropriate to fill out such forms.

27.

As a result, Plaintiff reached out to a different psychiatrist who agreed that they would evaluate her and give her such documentation on or about February 27, 2025.

28.

Plaintiff continued to update McGriff about her issues with finding a medical provider who would write her accommodations paperwork, including that she was going to go to a new psychiatrist at the end of February 2025 to retrieve the documents that had been requested.

29.

Then, on February 27, 2025, the same day Plaintiff had her appointment to fill out her accommodations and leave paperwork, McGriff and her Supervisor, Cherie, terminated Plaintiff, simply telling her that she was being fired for performance reasons.

30.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text. Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. individuals who had not asked for disability related leave and accommodations and individuals who had not asked for FMLA leave.

## **CLAIMS FOR RELIEF**

## **COUNTS I:  RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**

31.

Plaintiff repeats and re-alleges the allegations contained in paragraphs 6-30 as if set forth fully herein.

32.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

33.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

34.

At times relevant to this action, Defendant and all individuals involved in the decision to not return Plaintiff to work were aware of Plaintiff's disability, desire for reasonable accommodations, and that she would imminently be providing medical documentation to support her accommodations request.

35.

Plaintiff engaged in protected activity under the ADA, *inter alia,* when she requested medical leave to treat her disability and when she asked for accommodations.

36.

At all times relevant, Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.

37.

Plaintiff was terminated because of her protected activity.

38.

In rterminating Planitiff for her protected activity, Defendant violated Plaintiff's rights under the ADA, entitling her to all appropriate relief thereunder.

39.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional

distress and other non-pecuniary damages, as well as economic damages, for which she is entitled to recover from Defendant.

40.

Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights. Plaintiff seeks punitive damages as a result of Defendant's violations of the ADA.

### COUNT II: DISCRIMINATION IN VIOLATION OF THE ADA

41.

Plaintiff repeats and re-alleges the allegations contained in paragraphs 6-30 as if set forth fully herein.

42.

At times relevant to this action, Plaintiff was a "qualified individual" as that term is defined by the ADA.

43.

At times relevant to this action, Plaintiff has been an individual with a disability as that term has been defined by the ADA.

44.

At times relevant to this action, Defendant and all individuals involved in the decision to terminate Plaintiff to work were aware of Plaintiff's disability.

45.

Defendant terminated Plaintiff because of her disability, history of a disability or because it perceived her as disabled.

46.

In terminating Plaintiff because of her disability, Defendant violated Plaintiff's rights under the ADA, entitling her to all appropriate relief thereunder.

47.

As a result of Defendant's unlawful actions, Plaintiff has suffered emotional distress and other non-pecuniary damages, as well as economic damages, for which he is entitled to recover from Defendant.

48.

Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights. Plaintiff seeks punitive damages as a result of Defendant's violations of the ADA.

## COUNT III: RETALIATION IN VIOLATION OF THE FMLA

49.

Plaintiff repeats and re-alleges the allegations contained in paragraphs 6-30 as if set forth fully herein.

50.

Defendant is an 'employer' as defined by the FMLA.

51.

Defendant employed 50 or more employees within a 75-mile radius of Plaintiff's work site or the site she would have worked had she not worked from home.

52.

Plaintiff was an eligible employee under the FMLA.

53.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her use of FMLA leave.

54.

Plaintiff was employed by Defendant for more than 12 months, prior to her FMLA leave.

55.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

56.

Plainttiff suffered from a serious health condition as defined by the FMLA.

57.

Defendant received notice of Plaintiff's qualified need for protected medical leave.

58.

Rather than provide Plaintiff FMLA leave, Defendant terminated and refused Plaintiff because of her request for medical leave in violation of the FMLA. In terminating Plaintiff's employment Defendant retaliated agaisnt Plantiff for engaging in protected activity under the FMLA.

59.

As a result of Defendant's unlawful retaliation against Plaintiff in violation of her rights under the FMLA, Plaintiff has suffered damages and is entitled to the relief set forth in the Prayer for Relief below. Plaintiff has suffered, among other things,

lost wages and benefits, and liquidated damages thereon, as a result of Defendant's unlawful actions.

60.

Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights.

## COUNT IV: INTERFERENCE IN VIOLATION OF THE FMLA

61.

Plaintiff repeats and re-alleges the allegations contained in paragraphs 6-30 and 50-57 as if set forth fully herein.

62.

In terminating Plaintiff's employment because of her request for FMLA leave, Defendant interfered with her rights under the FMLA.

63.

As a result of Defendant's unlawful interefence with Plaintiff's FMLA rights, Plaintiff has suffered damages and is entitled to the relief set forth in the Prayer for Relief below. Plaintiff has suffered, among other things, lost wages and benefits, and liquidated damages thereon, as a result of Defendant's unlawful actions.

64.

Defendant acted with malice and reckless indifference to Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff judgment as follows:

(a)     General damages for mental and emotional suffering caused by Defendant's misconduct;

(b)     Liquidated damages;

(c)     Special damages for lost wages and benefits and prejudgment interest thereon;

(d)     Punitive damages;

(e)     Reasonable attorney's fees and expenses of litigation;

(f)     Trial by jury as to all issues;

(g)     Prejudgment interest at the rate allowed by law;

(h)     Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i)     Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(j)     All other relief to which he may be entitled.

This 19th day of December, 2025

**THE WORKERS' FIRM**

/s/ V. Severin Roberts, Esq
V. Severin Roberts
Georgia Bar No. 940504
Patrick Reid
Georgia Bar No. 888769
The Workers' Firm
7000 Central Parkway, Suite 1000
Atlanta, GA 30328
(404)-382-9660
severin@theworkersfirm.com
patrick@theworkersfirm.com

Counsel for Plaintiff